**Xing Kun ZOU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74360.
Agency No. A72–337–225.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 20, 2005.

Xing Quen Zhou, Philadelphia, PA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Xing Kun Zou, a native and citizen of China, petitions pro se for review of the

---

3. *Id.* at 1010.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") decision denying his motion to reconsider its previous decision affirming an immigration judge's ("IJ") order denying his motion to reopen deportation proceedings conducted *in absentia.* We review for abuse of discretion the BIA's denial of a motion to reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Zou's motion to reconsider, because Zou failed to demonstrate an error of fact or law in the BIA's prior determination that service of Zou's notice of hearing was proper. *See* 8 C.F.R. § 1003.2(b)(1); *Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003). Accordingly, the BIA's decision to deny reconsideration was within its discretion and was not "arbitrary, irrational, or contrary to law." *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (internal quotation marks and citation omitted).

To the extent Zou challenges the BIA's initial dismissal of his appeal, we lack jurisdiction as he failed to petition for review within thirty days of that decision. *See* 8 U.S.C. § 1252(b)(1).

The clerk shall amend the docket to reflect the change in the above caption.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.